SUMMONS
COURT OF COMMON PLEAS
LICKING COUNTY, OHIO

GERALD LEE et al.
    PLAINTIFF (S)

-VS

NO. 2017 CV 00086 / 2277097

GENESIS HOSPITAL et al.
    DEFENDANT (S)

TO THE FOLLOWING NAMED DEFENDANT:

**MUSKINGUM VALLEY HEALTH CENTERS
C/O DANIEL J ATKINSON STAT AGENT
716 ADAIR AVE
ZANESVILLE OH 43701**

YOU HAVE BEEN NAMED DEFENDANT IN A COMPLAINT FILED IN LICKING COUNTY COURT OF COMMON PLEAS, LICKING COUNTY COURTHOUSE, NEWARK, OHIO BY:

GERALD LEE
384 STEWART ST
ZANESVILLE OH 43701

ISABELLE LEE
384 STEWART ST
ZANESVILLE OH 43701

PLAINTIFF(S). A COPY OF THE COMPLAINT IS ATTACHED HERETO. THE NAME AND ADDRESS OF THE PLAINTIFF'S ATTORNEY IS

**DAVID I. SHROYER**
536 S. HIGH ST.
COLUMBUS OH 43215

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON THE PLAINTIFF'S ATTORNEY OR UPON THE PLAINTIFF, IF HE HAS NO ATTORNEY OF RECORD, A COPY OF AN ANSWER TO THE COMPLAINT WITHIN TWENTY-EIGHT DAYS AFTER SERVICE OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE. YOUR ANSWER MUST BE FILED WITH THE COURT WITHIN THREE DAYS AFTER THE SERVICE OF A COPY OF THE ANSWER ON THE PLAINTIFF'S ATTORNEY.

IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE RENDERED AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

GARY R. WALTERS, CLERK
COURT OF COMMON PLEAS
LICKING COUNTY, OHIO

BY: _____ DEPUTY

EXHIBIT A

IN THE COURT OF COMMON PLEAS, LICKING COUNTY, OHIO

CLERK COMMON
PLEAS COURT
LICKING CO. OHIO

2017 JAN 24 PM 1:34

GARY R. WALTERS
CLERK

**GERALD LEE**
384 Stewart Street
Zanesville, Ohio 43701

and

**ISABELLE LEE**
384 Stewart Street
Zanesville, Ohio 43701

Plaintiffs,

vs.

**GENESIS HOSPITAL**, Registered Trade Name of **GENESIS HEALTHCARE SYSTEM**
c/o Wendy S. Cedoz, Statutory Agent
2951 Maple Avenue
Zanesville, Ohio 43701

and

**CARL SCHOWENGERDT, M.D.**
c/o Muskingum Valley Health Centers
716 Adair Avenue
Zanesville OH 43701

and

**CARL SCHOWENGERDT, M.D.**
1965 Dunzweiler Drive
Zanesville OH 43701

and

**MUSKINGUM VALLEY HEALTH CENTERS**
c/o Daniel J. Atkinson, Statutory Agent
716 Adair Avenue
Zanesville OH 43701

and

**17CV00086**

Case No.: _____

Judge

**COMPLAINT**

**JURY DEMAND ENDORSED HEREON**

**AFFIDAVIT OF MERIT, ATTACHED**

**ANDREW GUGLIELMI, D.O.**
c/o Radiology Associates of S.E.O., Inc.
838 Market Street
Zanesville, Ohio 43701

and

**ANDREW GUGLIELMI, D.O.**
129 Orchard Wood Path
Granville, Ohio 43023

and

**WILLIAM WALLIS, D.O.**
c/o Radiology Associates of S.E.O., Inc.
838 Market Street
Zanesville, Ohio 43701

and

**WILLIAM WALLIS, D.O.**
147 Hawthorn Drive
New Concord, Ohio 43762

and

**RADIOLOGY ASSOCIATES OF S.E.O., INC.**
c/o Shane K. Backus, Statutory Agent
838 Market Street
Zanesville, Ohio 43701

and

**GENESIS FIRSTCARE-SOUTH**
Attn: Administrator
23 North Maysville Pike
Zanesville, Ohio 43701

and

**ROLAND LONG, M.D.**
Genesis Urgent Care Physicians LLC
2951 Maple Avenue
Zanesville, Ohio 43701-7554

and

2

**ROLAND LONG, M.D.**
3150 Maple Creek Drive
Zanesville, Ohio 43701-7554

and

**ROGER D. WARD, JR., D.O.**
Genesis Urgent Care Physicians LLC
2951 Maple Avenue
Zanesville, Ohio 43701-7554

and

**ROGER D. WARD, JR., D.O.**
3615 Greenbriar Drive
Zanesville, Ohio 43701

and

**GENESIS URGENT CARE PHYSICIANS LLC**
c/o Wendy S. Cedoz, Statutory Agent
2951 Maple Avenue
Zanesville, Ohio 43701

and

**JOHN DOE PHYSICIANS # 1-5**
Names and Addresses
Unknown to Plaintiff,

and

**JOHN DOE NURSES # 1-5**
Names and Addresses
Unknown to Plaintiff,

and

**JOHN DOE EMPLOYEES # 1-5**
Names and Addresses
Unknown to Plaintiff,

and

3

**JOHN DOE CORPORATIONS # 1-5**
Names and Addresses
Unknown to Plaintiff,

        Defendants.

## COMPLAINT

Now come Plaintiffs Gerald Lee and Isabelle Lee and for their causes of action state as follows:

## PARTIES

1. At all times relevant herein, Plaintiffs Gerald Lee and Isabelle Lee were residents of Zanesville in Muskingum County, Ohio.

2. At all times relevant herein, Defendant Genesis Hospital, a registered trade name for Genesis Healthcare System, was a not-for-profit corporation, incorporated under the laws of the State of Ohio, which employed physicians, nurses, administrators and other personnel to help facilitate or otherwise evaluate, care for, and treat patients, including Plaintiff Gerald Lee, each acting within the course and scope of his or her employment and authority.

3. At all times relevant herein, Defendant Carl Schowengerdt, M.D. (hereinafter referred to as "Defendant Dr. Schowengerdt") was a resident of the State of Ohio, duly licensed to practice medicine in the State of Ohio, specifically with a primary place of business located within Muskingum County, Ohio, and a primary residence located in Muskingum County, Ohio, and held himself out as a medical doctor as he received and treated patients for consideration.

4. At all times relevant herein, Defendant Andrew Guglielmi, D.O. (hereinafter referred to as "Defendant Dr. Guglielmi") was a resident of the State of Ohio, duly licensed to practice medicine in the State of Ohio, specifically with a primary place of business located within Muskingum County, Ohio, and a primary residence located in Licking County, Ohio, and held himself out as a medical doctor as he received and treated patients for consideration.

5. At all times relevant herein, Defendant William Wallis, D.O. (hereinafter referred to as "Defendant Dr. Wallis") was a resident of the State of Ohio, duly licensed to practice medicine in the State of Ohio, specifically with a primary place of business located within Muskingum County, Ohio, and a primary residence located in Muskingum County, Ohio, and held himself out as a medical doctor as he received and treated patients for consideration.

6. At all times relevant herein, Defendant Muskingum Valley Health Centers (hereinafter referred to Defendant "MVHC") was a not-for-profit corporation, incorporated under the laws of the State of Ohio, which employed physicians, nurses, administrators and other personnel including, but not limited to, Defendant Dr. Schowengerdt to help facilitate or otherwise evaluate, care for, and treat patients, including Gerald Lee, each acting within the course and scope of his or her employment and authority.

7. At all times relevant herein, Defendant Radiology Associates of S.E.O., Inc. (hereinafter referred to Defendant "Radiology Associates") was a professional corporation, incorporated under the laws of the State of Ohio, which employed physicians, nurses, administrators and other personnel including, but not limited to, Defendant Dr. Guglielmi and Defendant Dr. Wallis to help facilitate or otherwise evaluate, care for, and treat patients, including Gerald Lee, each acting within the course and scope of his or her employment and authority.

8. At all times relevant herein, Defendant Roland Long, M.D. (hereinafter referred to as "Defendant Dr. Long") was a resident of the State of Ohio, duly licensed to practice medicine in the State of Ohio, specifically with a primary place of business located within Muskingum County, Ohio, and a primary residence located in Muskingum County, Ohio, and held himself out as a medical doctor as he received and treated patients for consideration.

9. At all times relevant herein, Defendant Roger D. Ward, Jr., D.O. (hereinafter referred to as "Defendant Dr. Ward") was a resident of the State of Ohio, duly licensed to practice medicine in the State of Ohio, specifically with a primary place of business located within Muskingum County, Ohio, and a primary residence located in Muskingum County, Ohio, and held himself out as a medical doctor as he received and treated patients for consideration.

10. At all times relevant herein, Defendant Genesis Firstcare-South (hereinafter referred to Defendant "Genesis Firstcare") was a professional corporation, incorporated under the laws of the State of Ohio, which employed physicians, nurses, administrators and other personnel including, but not limited to, Defendant Dr. Long and Defendant Dr. Ward to help facilitate or otherwise evaluate, care for, and treat patients, including Gerald Lee, each acting within the course and scope of his or her employment and authority.

11. At all times relevant herein, Defendant Genesis Urgent Care Physicians LLC (hereinafter referred to Defendant "Genesis Urgent Care Physicians") was a professional corporation, incorporated under the laws of the State of Ohio, which employed physicians, nurses, administrators and other personnel including, but not limited to, Defendant Dr. Long and Defendant Dr. Ward to help facilitate or otherwise evaluate, care for, and treat patients, including Gerald Lee, each acting within the course and scope of his or her employment and authority.

12. At all times relevant herein, John Doe Physicians, John Doe Nurses, and John Doe Employees #1-5 were residents of the State of Ohio and held themselves out to be employees, nurses, agents, or other personnel of Defendants Genesis Hospital, Radiology Associates, Genesis Firstcare, Genesis Urgent Care Physicians, and/or John Doe Corporations #1-5.

13. The true names and capacities of John Doe Physicians, John Doe Nurses, and John Doe Employees #1-5 are unknown to Plaintiffs at this time, and Plaintiffs have accordingly sued

these unknown Defendants under said fictitious names. When the true names of said John Doe Physicians, John Doe Nurses, and John Doe Employees #1-5 have been ascertained, Plaintiffs will seek leave to amend their Complaint accordingly. Plaintiffs are informed and believe that John Doe Defendants are legally responsible for the events and occurrences herein described, and that John Doe Defendants caused injuries and damages to Plaintiff Gerald Lee.

14. At all times relevant herein, John Doe Corporations #1-5 were professional corporations, incorporated or acting under the laws of the State of Ohio, which employed physicians, nurses, and other personnel to evaluate, care for, and treat patients of John Doe Corporations #1-5.

15. The true names and capacities of John Doe Corporations #1-5 are unknown to the Plaintiffs at this time and Plaintiffs have accordingly sued these unknown Defendants under said fictitious names. When the true names of said John Doe Corporations have been ascertained, Plaintiffs will seek leave to amend their Complaint accordingly. Plaintiffs are informed and believe that John Doe Corporations are legally responsible for the events and occurrences herein described, and that John Doe Corporations caused injuries and damages to Plaintiff Gerald Lee.

16. At all times relevant herein, Defendants Genesis Hospital, MVHC, Radiology Associates, Genesis Firstcare, Genesis Urgent Care Physicians, and John Doe Corporations #1-5 acted through its/their agents, employees and/or independent contractors who were within the course and scope of their employment and authority including, but not limited to, the named Defendants as well as other physicians, nurses, technicians, administrators and other caregivers.

17. At all times relevant herein, the acts and omissions performed by employees, servants or agents of Defendants Genesis Hospital, MVHC, Radiology Associates, Genesis

Firstcare, Genesis Urgent Care Physicians, and John Doe Corporations #1-5 were within the scope of their express, implied or apparent authority as agents of said Defendants.

## JURISDICTION & VENUE

18. Jurisdiction is conferred on this Court by R.C. 2305.01.

19. Pursuant to Civ. R. 3(B)(1) of the Ohio Rules of Civil Procedure, venue is proper in Licking County, Ohio, as one or more of the Defendants reside in Licking County.

20. The damages suffered by Plaintiffs are in excess of $25,000.

## SERVICE OF PROCESS

21. Service of process is permitted on Defendants pursuant to Civ. R. 4.2(A) and (F) of the Ohio Rules of Civil Procedure.

## COMMON ALLEGATIONS

22. In August 2012, Plaintiff Gerald Lee was admitted to Defendant Genesis Hospital for stroke like symptoms. During this admission, Gerald Lee had a chest x-ray which was read by Defendant Dr. Guglielmi on August 6, 2012. Dr. Guglielmi reported that the chest x-ray reflected a suboptimal exam due to over penetration.

23. On or about August 8, 2012, Plaintiff Gerald Lee presented to Defendant MVHC for pain medication for leg and back pain and anxiety medication. During this visit, he also complained of a cold, sinus drainage, cough, and pain to his chest. These symptoms had been present for several months and he had been treated with no improvement.

24. On or about October 8, 2012, Plaintiff Gerald Lee presented to Defendant Genesis Firstcare with complaints which included a productive cough that had been gradually worsening.

25. On or about January 15, 2013, Plaintiff Gerald Lee presented to Defendant MVHC with complaints of cold-like symptoms. These symptoms had been present for approximately two

months and included a productive cough and chest congestion. Plaintiff was examined by Defendant Schowengerdt and reported chest pain and heart fluttering due to the coughing. Dr. Schowengerdt ordered a chest x-ray. The chest x-ray was taken at Genesis Hospital and was read by Defendant Dr. Wallis on January 28, 2013. Dr. Wallis reported a rounded opacity over the right low lobe which he read as a lesion on the Plaintiff's rib.

26. On or about January 28, 2013, Plaintiff Gerald Lee presented to Defendant Genesis Firstcare with continued complaints of a productive cough that had been gradually worsening. His condition was diagnosed as bronchitis.

27. Plaintiff Gerald Lee returned to see Defendant Schowengerdt on July 16, 2013, January 29, 2014, July 1, 2014, and January 5, 2015 for various complaints including allergic bronchitis and cough. Dr. Schowengerdt did not order a chest x-ray in connection with any of these visits to determine the cause of his allergic bronchitis and cough.

28. Plaintiff Gerald Lee also returned to Defendant Genesis Firstcare on August 9, 2013 with complaints of a productive cough and was examined by Defendant Dr. Long whose diagnosis included acute bronchitis with bronchospasm and COPD with exacerbation. Dr. Long treated Plaintiff with steroids but did not order a chest x-ray.

29. On or about December 15, 2013, Plaintiff Gerald Lee presented to Defendant Genesis Firstcare complaining of a persistent cough and congestion. Plaintiff was examined by Defendant Dr. Ward who treated him with a powerful antibiotic, Levaquin. Dr. Ward did not order a chest x-ray.

30. On or about March 24, 2016, Plaintiff Gerald Lee presented to Defendant MVHC with a cough of one to four weeks duration which was gradually worsening. Courtney Bonner, D.O. evaluated Mr. Lee and immediately ordered a chest x-ray.

9

31. A chest x-ray was taken at Genesis Hospital on May 9, 2016. The chest x-ray was read by Michael Huang, M.D. who reported a "moderate right lower lobe lung mass measuring 4.2 cm." He also noted "a 1 cm. left upper lobe pulmonary nodule." Dr. Huang recommend a chest CT for further evaluation.

32. On May 12, 2016, Dr. Huang performed a chest CT scan and a CT guided biopsy of the right lower lobe lung lesion. The lesion showed non-small cell lung cancer. The cancer is Stage IV and considered terminal.

33. From 2012 through the present, Plaintiff Gerald Lee sustained injury, loss of sleep, coughing and the inability to engage in usual activity as a result of the failure to timely diagnose his lung cancer.

## PLAINTIFFS' FIRST CAUSE OF ACTION
### [Medical Negligence]

34. Plaintiffs incorporate by reference any and all statements and allegations contained in Paragraphs 1 through 33, as if fully rewritten in this First Cause of Action.

35. The Defendants, jointly and severally, fell below the accepted standard of care, skill and diligence for health care providers and medical provider employees in Ohio or other similar communities in their diagnostic care and medical treatment of Plaintiff Gerald Lee. Specifically, said Defendants, individually and by and through their physicians, nurses, technicians, aides, administrators, staff and employees were negligent and not reasonably careful in their care and treatment of said Plaintiff under the circumstances and thus failed to meet the accepted standard of care, skill, and diligence by failing to diagnose and treat Plaintiff's chronic cough. Specifically, Defendants failed to evaluate Plaintiff's chronic cough to rule out cancer, by failing to order any additional pulmonary tests when Plaintiff's symptoms continued over a period of several years, from 2012 until 2016, by failing to request another chest x-ray from August 6, 2012 when the first

one was over penetrated and was uninterpretable, by failing to have another chest x-ray taken, from another angle, on January 28, 2013 to confirm that the lesion was not a lesion in the lung instead of a growth on the rib, and by failing to order a chest x-ray when Plaintiff continued to present with respiratory complaints. Defendants were negligent in other respects as well.

36. As a direct and proximate result of the aforementioned negligence and failures of the named Defendants, individually, and by and through employees and/or agents, Defendants failed to timely diagnose Plaintiff Gerald Lee's lung cancer allowing it to progress to stage IV without treatment. As a further direct and proximate result of the aforementioned negligence and failures of the named Defendants, individually, and by and through employees and/or agents, Plaintiff Gerald Lee's lung cancer is incurable. Defendants' negligence has caused Plaintiff Gerald Lee to suffer extensive and permanent deficits resulting in increased physical pain, mental anguish and extreme emotional distress, medical care and treatment, associated medical costs, and loss of income and loss of earning capacity, as well as the loss of the enjoyment of life and the ability to perform usual and customary activities, all of which will continue indefinitely into the future.

37. The care and treatment rendered to Plaintiff Gerald Lee by the named Defendants, including by and through employees, agents, and servants, was negligent and fell below the accepted standards of care, skill and diligence for physicians, nurses, aides, technicians, administrators and other health care personnel, thus causing Defendants to breach their duty of care owed to said Plaintiff.

38. By virtue of the doctrine of *respondeat superior* and/or the doctrine of agency by estoppel, Defendants Genesis Hospital, MVHC, Radiology Associates, Genesis Firstcare, Genesis Urgent Care Physicians, and John Doe Corporations #1-5 are liable for the negligent acts and

omissions of their agents and employees including, but not limited to, those individually named defendants herein.

39. As a direct and proximate result of the failure of the named Defendants to discharge their duty of care owed to Plaintiff Gerald Lee and their failure to meet the accepted standards of care, skill and diligence, Defendants failed to timely diagnose Plaintiff Gerald Lee's lung cancer allowing it to progress to stage IV without treatment. As a further direct and proximate result of the aforementioned negligence and failures of the named Defendants, individually, and by and through employees and/or agents, Plaintiff Gerald Lee's lung cancer is incurable. Defendants' negligence has caused Plaintiff Gerald Lee to suffer extensive and permanent deficits resulting in increased physical pain, mental anguish and extreme emotional distress, medical care and treatment, associated medical costs, and loss of income and loss of earning capacity, as well as the loss of the enjoyment of life and the ability to perform usual and customary activities, all of which will continue indefinitely into the future.

40. Defendants John Doe Physicians # 1-5, John Doe Employees # 1-5, and John Doe Nurses # 1-5 fell below the accepted standards of care, skill, and diligence for physicians, nurses, aides, technicians, employees, and other medical personnel practicing in Ohio and other similar communities in the care and treatment of Plaintiff Gerald Lee. Specifically, said Defendants, by and through their doctors, nurses, aides, technicians, administrators, staff and employees were negligent and not reasonably careful in their care and treatment of said Plaintiff under the circumstances and thus failed to meet the accepted standard of care skill and diligence by failing to diagnose and treat Plaintiff's chronic cough. Specifically, Defendants failed to evaluate Plaintiff's chronic cough to rule out cancer, by failing to order any additional pulmonary tests when Plaintiff's symptoms continued over a period of several years, from 2012 until 2016, by

failing to request another chest x-ray from August 6, 2012 when the first one was over penetrated and was uninterpretable, by failing to have another chest x-ray taken, from another angle, on January 28, 2013 to confirm that the lesion was not a lesion in the lung instead of a growth on the rib, and by failing to order a chest x-ray when Plaintiff continued to present with respiratory complaints. Defendants were negligent in other respects as well.

41. As a direct and proximate result of the aforementioned negligence and failures of employees and/or agents of Defendants John Doe Physicians # 1-5, John Doe Employees # 1-5, and John Doe Nurses # 1-5, Defendants failed to timely diagnose Plaintiff Gerald Lee's lung cancer allowing it to progress to stage IV without treatment. As a further direct and proximate result of the aforementioned negligence and failures of the named Defendants, individually, and by and through employees and/or agents, Plaintiff Gerald Lee's lung cancer is incurable. Defendants' negligence has caused Plaintiff Gerald Lee to suffer extensive and permanent deficits resulting in increased physical pain, mental anguish and extreme emotional distress, medical care and treatment, associated medical costs, loss of income and loss of earning capacity, as well as the loss of the enjoyment of life and the ability to perform usual and customary activities, all of which will continue indefinitely into the future.

42. Defendants John Doe Corporations # 1-5, by and through its agents and/or employees breached their duty of reasonable care owed to Plaintiff Gerald Lee and Defendants John Doe Corporations # 1-5 are liable for the negligent acts and omissions of its/their employees. The care and treatment rendered to Plaintiff by employees, agents, and servants of Defendants John Doe Corporations # 1-5 fell below the accepted standards of care for physicians, nurses, and other personnel and breached their duties of care owed to Plaintiff Gerald Lee.

43. By virtue of the doctrine of *respondeat superior* and/or the doctrine of agency by estoppel, Defendant John Doe Corporations #1-5 are liable for the negligent acts and omissions of their agents and employees.

44. As a direct and proximate result of the failure of said John Doe Defendants jointly and severally, to discharge their duty of care owed to Plaintiff Gerald Lee and their failure to meet the accepted standards of care, skill and diligence, Defendants failed to timely diagnose Plaintiff Gerald Lee's lung cancer allowing it to progress to stage IV without treatment. As a further direct and proximate result of the aforementioned negligence and failures of the named Defendants, individually, and by and through employees and/or agents, Plaintiff Gerald Lee's lung cancer is incurable. Defendants' negligence has caused Plaintiff Gerald Lee to suffer extensive and permanent deficits resulting in increased physical pain, mental anguish and extreme emotional distress, medical care and treatment, associated medical costs, loss of income and loss of earning capacity, as well as the loss of the enjoyment of life and the ability to perform usual and customary activities, all of which will continue indefinitely into the future.

45. Since Plaintiff's injuries are permanent, he will require additional care and treatment and will incur further medical expenses for said treatment, and will thus suffer continued physical pain, mental anguish and extreme emotional distress, loss of income and loss of earning capacity, as well as the loss of enjoyment of life and the ability to perform usual and customary activities, indefinitely into the future.

### PLAINTIFFS' SECOND CAUSE OF ACTION
[Loss of Consortium]

46. Plaintiffs incorporate all allegations contained in paragraphs 1 through 45 as if fully rewritten in this Second Cause of Action.

47. At all times relevant herein, Plaintiff Isabelle Lee was the wife of Plaintiff Gerald Lee.

48. By virtue of the conduct of the named Defendants individually, as well as jointly and severally, by and through agents and/or employees, that caused the resulting injuries to her husband, she sustained a loss of society, companionship, services, attention, consortium, and care, and also sustained mental anguish and lost wages in connection with the treatment, care and injuries sustained by Plaintiff Gerald Lee.

## DEMAND

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally, for compensatory, consequential, incidental, special, future, and medical damages, each in separate amounts greater than Twenty-Five Thousand ($25,000.00) together with attorney fees and costs herein.

Respectfully submitted,

David I. Shroyer (0024099)
**COLLEY SHROYER & ABRAHAM CO., LPA.**
536 South High Street, 2nd Floor
Columbus, OH 43215
614-228-6453
614-228-7122 (Fax)
*Counsel for Plaintiffs*
dshroyer@csajustice.com

## JURY DEMAND

Now come Plaintiffs, by and through counsel, and demand that the within matter be tried by a jury of eight (8) on all issues herein.

David I. Shroyer (0024099)
*Counsel for Plaintiffs*

15

## AFFIDAVIT OF MERIT

COUNTY OF __Chesterfield__ )
) SS
STATE OF VIRGINIA )

The Affiant, Jerome Daniel, M.D., being above the age of 18 and of sound mind, after being duly sworn and cautioned, states that he/she has personal knowledge of the following:

1. I am a physician, licensed to practice medicine in the State of Virginia, with a specialty in family medicine. I spend in excess of 50% of my professional time in the active clinical practice of medicine and/or its instruction.

2. I have reviewed all the medical records reasonably available to me concerning the allegations contained in the Complaint.

3. I am familiar with the applicable standard of care.

4. It is my opinion that the standard of care was breached by one or more of the named Defendants, including but not limited to *Carl Schowengerdt, M.D., Roland V. Long, M.D., Roger D. Ward, Jr., D.O.,* and/or agents and/or employees of *Muskingum Valley Health Centers, Genesis Hospital, registered trade name of Genesis Healthcare System, Genesis FirstCare-South and Genesis Urgent Care Physicians LLC,* in their care and treatment of Plaintiff Gerald Lee, and that the breach caused permanent injury and damages to Plaintiff Gerald Lee.

5. Affiant reserves the right to review any and all additional documentation that may become available in the future and to amend the opinions made herein.

Further affiant sayeth naught.

_____
Jerome Daniel, M.D.

Sworn to before me and subscribed in my presence this __4__ day of January 2017.

County of __Chesterfield__
State of __Virginia__
Then personally appeared and sworn before me this __4__ day of __Jan__ 2017, by __Jerome Daniel, M.D.__
(name of person taking acknowledgment)

Notary Public
My commission expires: __12/31/2020__

BRIA THOMAS
NOTARY PUBLIC
REG # 7697782
MY COMMISSION EXPIRES
12/31/2020
COMMONWEALTH OF VIRGINIA

_____
NOTARY PUBLIC